UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AIDAN CURRY<br><br>　　　　　　　　　　Defendant. | Case No.: 19-CR-3839-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE OR MODIFICATION OF SENTENCE WITHOUT PREJUDICE** |

Defendant Aidan Curry ("Defendant") filed a motion seeking compassionate release or modification of his sentence. ECF No. 54. Defendant is not yet in the custody of the Bureau of Prisons ("BOP") because his date for self-surrender has not yet arrived. ECF No. 53.

Defendant moves for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant argues that the Court should reach the merits of his motion even though he has not yet surrendered to a BOP facility. ECF No. 54 at 3–4. Defendant's self-surrender date is currently set for November 9, 2020. ECF No. 53. However, Defendant has sought and received several extensions of his self-surrender date on the grounds that the COVID-19 pandemic presents risks to him as someone with preexisting medical conditions. ECF Nos. 43, 46, 52, 53. Defendant is free to move for further extension of his self-surrender date. Further, the language of Section 3582 states that a defendant can only bring a motion for sentence reduction or modification after making a request to the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). Defendant has not yet entered the custody of any facility and has no warden or equivalent official to which he can bring this request. *See United States v. Spruill*, No. 3:18-CR-0022-10(VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020). Contrary to Defendant's assertion, this does

not render his attempts at exhaustion futile.  Instead, it shows that the statute contemplates that these motions will be brought only by individuals in custody, not those who have yet to begin serving their sentence.  Several other district courts have found that "by its plain terms, the section applies only to those defendants who have begun serving their term of imprisonment at a BOP facility."  *Spurill*, 2020 WL 2113621, at *3; *United States v. Konny*, No. 19-CR-283 (JGK), 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020); *United States v. Jordan*, No. 1:19-CR-478-GHW, --- F. Supp. 3d. ----, 2020 WL 4195353, at *3 (S.D.N.Y. July 16, 2020).  Because Defendant has not begun serving his sentence, the issues raised in the motion are not yet ripe for review.

Accordingly, the Court finds that Defendant's motion under Section 3582 is premature.  The Court therefore **DENIES** the motion without prejudice.

**IT IS SO ORDERED.**

Dated:  October 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge